UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A., SUCCESSOR BY MERGER WITH WASHINGTON MUTUAL BANK, N.A., <br><br>            Plaintiff, <br><br>    v. <br><br>MARGARET ANN PAREDES WORRELL & JOHN WORRELL, <br><br>            Defendants. | Case No.: 13-CV-00313-LHK <br><br> ORDER GRANTING MOTION TO REMAND AND DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS |

Plaintiff JP Morgan Chase Bank, N.A. ("JP Morgan" or "Plaintiff") filed this unlawful detainer action originally in California Superior Court. *See JP Morgan Chase Bank v. Margaret Ann Paredes Worrell*, Case No. 1-12-CV-222217 (Cal. Super. Ct. filed Apr. 10, 2012) (the "underlying state court detainer action").[1]  Margaret and John Worrell (collectively, "the Worrells"

---

[1] Margaret Worrell filed this Complaint as part of her prior lawsuit, *Margaret Paredes Worrell v. JP Morgan Chase Bank*, Case No. 12-CV-04331-LHK (N.D. Cal. filed Aug. 16, 2012).  The Court takes judicial notice of this Complaint pursuant to Rule 201(b) of the Federal Rules of Evidence. Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the territorial jurisdiction of the trial court; or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Del Puerto Water Dist. v. United States Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1233 (E.D. Cal May 13, 2003) ("Judicially noticed facts often consist of matters of public record, such as prior court proceedings"); *Chrisanthis v. United States*, 2008 WL 4848764, at *1 (N.D. Cal Nov. 7, 2008) ("[D]ocuments publicly filed in [a] prior suit are proper subjects of judicial notice").

1

or "Defendants"), who are pro se, filed a Notice of Removal in this Court on January 23, 2013. *See* Notice of Removal ("Notice"), ECF No. 1. Also on January 23, 2013, Defendants filed an Application for Leave to Proceed *In Forma Pauperis*. *See* Appl. Proceed *In Forma Pauperis* ("IFP Appl."), ECF No. 2. Presently before the Court is JP Morgan's Motion to Remand. Mot. Remand ("Mot."), ECF No. 4, re-filed as ECF No. 10. The Worrells have not filed an opposition. The Court finds this matter appropriate for determination without oral argument and hereby VACATES the hearing set for August 8, 2013. *See* Civil L.R. 7-1(b). For the reasons stated herein, the Court GRANTS JP Morgan's Motion to Remand. In addition, the Court DENIES the Worrells' Application to Proceed *In Forma Pauperis*.

I. BACKGROUND

    A. Instant Action: Case No. 13-CV-00313-LHK

On January 23, 2013, the Worrells filed their Notice of Removal of the underlying state court detainer action in this Court (hereinafter the "Instant Action"). *See* Notice. In so doing, the Worrells failed to include the complaint which initiated the underlying state court detainer action. *But see* 28 U.S.C. § 1446 ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders* served upon such defendant or defendants in such action.") (emphasis added). Also on January 23, 2013, Defendants filed an Application for Leave to Proceed *In Forma Pauperis*. ECF No. 2.

The Worrells allege in the Notice of Removal that JP Morgan wrongfully foreclosed on their residential property located at 3638 Gavota Avenue, San Jose, CA, by willfully ignoring an automatic bankruptcy stay that was in force at the time. *See* Notice at 2. Consequently, the Worrells request that this Court void the sale of the property that is the subject of the underlying state court detainer action, restore title of the property to the Worrells, and order that JP Morgan pay $187,000 in damages to the Worrells. *See id.* at 4.

2

Case No.: 13-CV-00313-LHK
ORDER GRANTING JP MORGAN'S MOTION TO REMAND AND DENYING WORELLS' MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

JP Morgan filed a Motion to Remand on February 15, 2013. ECF No. 4. On March 4, 2013, the Instant Action was reassigned to the undersigned judge. ECF No. 9. On March 27, 2013, JP Morgan re-filed the Motion to Remand that is presently before the Court. ECF No. 10.[2] The Worrells failed to file an opposition to the Motion to Remand.

### B. Previous Action: Case No. 12-CV-04331-LHK

This is not the first time that the Worrells have sought recourse from this Court regarding the underlying state court detainer action. Previously, on August 16, 2012, Defendant Margaret Worrell filed a separate action, *Margaret Paredes Worrell v. JP Morgan Chase Bank*, Case No. 12-CV-04331-LHK (N.D. Cal. filed Aug. 16, 2012) ("Case No. 12-04331"), in which Worrell sought an order from a federal court "compel[ling] the State Court to allow [her] or [her] attorney full and unrestricted access" to documents that she believed were related to the underlying state court detainer action. *See* Case No. 12-04331, Compl. at 3, ECF No. 1. On the same day that she filed her Complaint in Case No. 12-04331, Defendant Worrell also filed an Application to Proceed *In Forma Pauperis*. Case No. 12-04331, ECF No. 2.

Shortly after Worrell filed her initial Complaint in Case No. 12-04331, Worrell received the documents that she requested. *See* Case No. 12-04331, Am. Compl. at 2, ECF No. 4. She then filed an Amended Complaint, attached to which were a number of documents related to the state court unlawful detainer action, including a Notice of Removal of the state court unlawful detainer action. *See id.*, Ex. B. at 2.

On November 15, 2012, Magistrate Judge Paul Grewal issued a Report and Recommendation in which he recommended that the Court deny Worrell's request to proceed *in forma pauperis* and recommended that the Court remand the case back to state court. *See* Case No. 12-04331, Report & Recommendation, ECF No. 8. On December 17, 2012, this Court adopted

---

[2] As Exhibit 1 to JP Morgan's Motion to Remand, JP Morgan filed a request for judicial notice of a Deed of Trust which lists Margaret Ann Paredes Worrell as a borrower under the Trust, as well as a Trustee's Deed Upon Sale, recorded on December 27, 2011, as Instrument No. 21474416. *See* ECF No. 10-1. As these documents "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," the Court GRANTS JP Morgan's Request for Judicial Notice pursuant to Federal Rule of Evidence 201(b).

3
Case No.: 13-CV-00313-LHK
ORDER GRANTING JP MORGAN'S MOTION TO REMAND AND DENYING WORELLS' MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Judge Grewal's Report and Recommendation in its entirety, thereby terminating Case No. 12-04331. *See* Case No. 12-04331, ECF No. 10.

## II. DISCUSSION

### A. Motion to Remand

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States. . . ." 28 U.S.C. § 1441(a). In an action that has been removed from state court, the removing defendant bears the burden of establishing that removal is proper. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). In the Instant Action, the Worrells allege, as a basis for removal, that the Court has subject matter jurisdiction based on diversity jurisdiction under 28 U.S.C. § 1332 "because none of the plaintiffs live in the same state as any of the defendants AND the amount of damages are more than $75,000.00." *See* Notice at 2. For the reasons stated herein, the Court finds that it does not have diversity jurisdiction or any other basis for subject matter jurisdiction. Consequently, the Court GRANTS JP Morgan's Motion to Remand.

#### 1. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, defendants seeking removal must show that they and the plaintiff are not residents of the same state, and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Furthermore, pursuant to 28 U.S.C. § 1441(b), a defendant who is a state resident cannot remove a civil action to a federal court in his state of residence based on diversity jurisdiction. 28 U.S.C. § 1441(b)(2).

Here, the Worrells state in their Notice of Removal that, "[t]his lawsuit should be assigned to [sic] San Jose Division of this Court because the [Worrells] reside[] in this area and the property in question is located therein as well." Notice at 2. Specifically, the Worrells identify their home address as 3638 Gavota Avenue, San Jose, CA 95124. *Id*. at 1. As the Worrells are California

4

Case No.: 13-CV-00313-LHK
ORDER GRANTING JP MORGAN'S MOTION TO REMAND AND DENYING WORELLS' MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

residents, removal of the Instant Action based on diversity jurisdiction is improper. *See* 28 U.S.C. § 1441(b)(2). Accordingly, JP Morgan's Motion to Remand is GRANTED.

### 2. Federal Question Jurisdiction

As already noted, in an action that has been removed from state court, the removing defendant bears the burden of establishing that removal is proper. *See Placer Dome*, 582 F.3d at 1087. Defendants in the Instant Action have not explicitly alleged any other basis for removal other than diversity jurisdiction. Nevertheless, the Court briefly notes that federal question jurisdiction also does not provide a basis for removal in this case.[3]

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint," the plaintiff alleges a federal claim for relief. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). It is well-settled that a case may not be removed to federal court on the basis of a federal defense. *See id.*; *see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) ("[A] defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law.").

Here, JP Morgan's case is grounded in California state law as the complaint asserts only a single cause of action for unlawful detainer based on the California Code of Civil Procedure § 1161a. *See* Case No. 12-4331, ECF No. 4-1, at 29. As Plaintiff JP Morgan does not allege a federal claim for relief, removal based on federal question jurisdiction is inappropriate. *See Litton Loan Servicing, L.P. v. Villegas*, No. 10-05478, 2011 WL 204322, at *2 (N.D. Cal. Jan 21, 2011) (remanding unlawful detainer action to state court based on lack of federal question jurisdiction) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 168 (Cal. Ct. App. 1977)); *Partners v. Gonzalez*, No. 10-02598, 2010 WL 3447678, at *2-3 (N.D. Cal. Aug. 30, 2010) (same).

---

[3] In the Civil Cover sheet filed as an attachment to the Worrells' Notice of Removal, the Worrells indicate that they are filing under 28 U.S.C. § 1332, diversity jurisdiction, but also, contradictorily, mark that the basis for jurisdiction is federal question jurisdiction. *See* ECF No. 1-1. Consequently, the Court addresses this basis for subject matter jurisdiction in an abundance of caution.

5

Case No.: 13-CV-00313-LHK
ORDER GRANTING JP MORGAN'S MOTION TO REMAND AND DENYING WORELLS' MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Nevertheless, the Worrells argue that JP Morgan "wrongfully foreclosed on [the Worrells'] residential property . . . by ignoring an automatic stay which was in force based upon the bankruptcy filing by [John Worrell]" pursuant to 11 U.S.C. § 362(a). *See* Notice at 2. Defendants appear to frame this as both a defense to JP Morgan's unlawful detainer action as well as a counterclaim that entitles them to damages. *See id.* at 2-4. Whether construed as a counterclaim or as a defense, the Worrells' argument does not confer this Court with subject matter jurisdiction under 28 U.S.C. § 1331. *See Vaden*, 556 U.S. at 60 ("[A] federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction.") (citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-32 (2002)). Moreover, as already noted, a case may not be removed to federal court on the basis of a federal defense. *See id.*; *Franchise Tax Bd.*, 463 U.S. at 10.

Accordingly, this Court does not have federal question jurisdiction over the Instant Action.

### B. Application to Proceed *In Forma Pauperis*

The Worrells also request to proceed *in forma pauperis*. *See* IFP Appl., ECF No. 2. As this Court finds that there is no basis for jurisdiction over this case, there no basis on which to grant the Worrells' IFP application. Accordingly, the Court DENIES the Worrells' Application to Proceed *In Forma Pauperis*.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS JP Morgan's Motion to Remand, and DENIES the Worrells' Application for Leave to Proceed *In Forma Pauperis*. The Worrells shall be on notice that any future attempts to remove this unlawful detainer action again to Federal Court may result in sanctions. This case is hereby REMANDED to the California Superior Court for the County of Santa Clara. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 31, 2013

_____
LUCY H. KOH
United States District Judge

6

Case No.: 13-CV-00313-LHK
ORDER GRANTING JP MORGAN'S MOTION TO REMAND AND DENYING WORELLS' MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS